**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| RICHARD ALLEN TORONGEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-282-SEB-VSS |
| | ) | |
| DOUGLAS CARTER, Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

On December 18, 2004, Richard Torongeau ("Torongeau") was incarcerated in the Hamilton County Jail ("Jail") on charges of operating a vehicle while on a lifetime suspension and violating his probation for felony drunk driving and habitual traffic violator convictions. Because of his violent history, he was classified as maximum security and initially placed in segregation. On December 28, 2004, Torongeau was assigned and placed into the maximum security area of the Jail, specifically cell block E5. On June 4, 2005, Torongeau and his cellmate Noel Shuck had a verbal disagreement about Shuck's sleeping habits. Shuck left the cell for a brief period, returned and, using a broken broom handle, struck Torongeau without warning. There had been no prior physical conflict between the two. Torongeau was taken to an outside hospital and the laceration he received in the attack was sutured.

Torongeau now sues Hamilton County Sheriff Douglas Carter. Torongeau's claims are that the cell to which he was assigned was unreasonably cramped with three men assigned instead of the designated two and that Sheriff Carter failed to protect Torongeau from assault by Shuck. He seeks damages and injunctive relief.[1]

Sheriff Carter seeks resolution of Torongeau's claim through the entry of summary judgment.[2] Torongeau has not opposed the motion for summary judgment.[3]

---

[1] Torongeau is no longer confined at the Jail. His claim for injunctive relief is **moot.**

[2] "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

[3] "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue

Torongeau's claims are asserted pursuant to 42 U.S.C. § 1983. Sheriff Carter seeks summary judgment based in part on the argument that Torongeau's lawsuit was filed prematurely in relation to a statutory requirement. Sheriff Carter's specific contention relative to this argument is that Torongeau failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"). The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

The undisputed material facts established by the evidentiary record are the following: The Jail has a grievance procedure whereby grievances on any matter can be filed and the response appealed to the jail commander and ultimately the Sheriff. The grievance procedure directs that grievances be submitted in writing, and forms were available to Torongeau for this purpose. Torongeau's claims in this action are based on treatment or conditions of confinement which are within the scope of the Jail's grievance program. Prior to filing this lawsuit, Torongeau filed no grievance regarding either of the claims asserted in his complaint.

"In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002))*.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); see also *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004) ("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies.").

As outlined above, Torongeau did not properly exhaust available administrative remedies with respect to either of his claims in this action. He has offered no explanation for this failure, though a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Such a rule is the proper means by which to give effect to the requirement Congress has imposed. Accordingly, Sheriff Carter has met the burden of showing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.  Sheriff Carter's motion for summary judgment must therefore be **granted**

---

of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party successfully carries his burden, the non-moving party must "go beyond the pleadings" and present specific facts which show that a genuine issue of material fact exists. *Id.* at 324. Torongeau has not acknowledged or responded to the defendant's motion for summary judgment. Thus, the well-supported facts relied on by the defendant in support of his motion for summary judgment are accepted as true for the purpose of the court's resolution of that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which Torongeau was notified.

on the basis of the foregoing. This resolution of the failure-to-exhaust argument prevents the court from reaching the merits of Torongeau's claims or the other arguments presented for dismissal in Sheriff Carter's unopposed motion for summary judgment. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999). "The statute can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit." *Id.* at 536.

Sheriff Carter's motion for summary judgment is **granted.** The action must now be **dismissed without prejudice.** *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 10/17/2006

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana